# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~

**Abdul K. Hassan, Esq.**                                                                 Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                 Fax: 718-740-2000
*Employment and Labor Lawyer*                                          Web: www.abdulhassan.com

April 2, 2017

Via ECF

Hon. Steven L. Tiscione, USMJ
United States District Court, EDNY
225 Cadman Plaza East, Courtroom N324
Brooklyn, NY  11201
Tel: (718) 613-2195
Fax: (718) 613-2195

**Re: Lesly Bernard v. QPH Plumbing & Heating Inc.**
   Case No.  16-cv-04716 (KAM)(SLT)
   Motion for Settlement Approval

Dear Magistrate-Judge Tiscione:

      My firm represents plaintiff Lesly Bernard ("Plaintiff" or "Bernard") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Defendant QPH Plumbing & Heating Inc. (hereinafter "Defendant"), and Plaintiff, both join in urging this Court to approve the settlement as fair and reasonable to Plaintiff – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the fully executed settlement agreement and Exhibit 2 is a fee table detailing the time and work expended by Plaintiff's counsel.

      Based on the allegations in the complaint (ECF No. 1), Plaintiff is owed unpaid overtime wages of approximately $6.00/hr x 5hrs/wk x 19wks = $570. Defendant has denied liability.

      Under the settlement agreement, Plaintiff is receiving $1,000 in wages plus another $1,000 in liquidated and other damages. (See Ex. 1 ¶ 2(a),(b)).  Under the settlement agreement, Plaintiff's counsel is receiving reimbursement of Four Hundred and Sixty Dollars ($460) in filing ($400), and service costs ($60), plus legal fees of Eight Thousand, Five Hundred and Forty Dollars ($8,540). (Ex. 1 ¶ 2(c)). As set forth in the attached fee table, Plaintiff's counsel has expended about 38 hours, including a small amount of time yet to be expended. Therefore, the

fees equate to 38 hours at $224.74/hr, or 18.98 hours at $450/hr or 14.23 hours at the retainer rate of $600/hr[1].

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Raja v. T & S Management of NYC Corp. et al*, 15-cv-07338, ECF No. 25 (ST - EDNY); *Jones v. Bryant Park Market Event LLC* 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY); *Cajamarca v. Sound Marine Construction & Salvage, Inc.et al*, 15-cv-6667, ECF No. 23, 25 (LTS - SDNY); *Domenech v. Parts Authority, Inc*. 15CV-3595, ECF No. 41, 42 (ILG - EDNY); *Boodhoo v. Jet Way Security & Investigation LLC* 15-CV-1733-CBA-(RER – EDNY)*; Archer v. TNT USA,* 12-cv-01297, ECF No. 18 (SLT - SDNY); *Aduleit v. Call-A-Head Portable Toilets, Inc*., 13-cv-3531, ECF No. 17 (CLP - EDNY).

We thank the Court in advance for its time and consideration, and respectfully request approval of the offer of judgment and acceptance as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:    Defense Counsel via ECF**

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990) – that a retainer rate can be higher than the lodestar rate under a fee-shifting statute. Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." *Millea v. Metro-N. R. Co.*, 658 F.3d 154 (2d Cir. 2011) ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery. Thus, the district court abused its discretion when it ignored the lodestar and calculated the attorneys' fees as a proportion of the damages awarded."). *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132 (2d Cir. 2008)(About $1,800 in total damages and about $49,000 in fees.).

2