## SETTLEMENT AGREEMENT AND RELEASE

QPH Plumbing & Heating Inc. ("Defendant") and Lesly Bernard, ("Bernard"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a.   "Plaintiff" shall be defined to include, but is not limited to, Lesly Bernard, and all affiliated persons or entities, including, but not limited to, his present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Mr. Bernard personally, he will be referred to as "Mr. Bernard."

    b.   Plaintiff Bernard was employed by Defendant QPH Plumbing & Heating Inc., for about six months ending on or about August 13, 2016.

    c.   "Defendant" shall be defined as QPH Plumbing & Heating Inc.

    d.   "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on August 23, 2016, in the United States District Court, Eastern District of New York, with Civil Action #: 16-CV-04716 (KAM)(ST).

2. **Consideration**. In consideration for Mr. Bernard's signing this Agreement and the releases of all claims herein, Defendant QPH Plumbing & Heating Inc., agrees to make the following payments:

    a.   One check payable to "Lesly Bernard" in the amount of One Thousand Dollars ($1,000), within thirty (30) days of Defense Counsel receiving a copy of this settlement agreement signed by Plaintiff;

    b.   One check payable to "Lesly Bernard" in the amount of One Thousand Dollars ($1,000), within thirty (30) days of Defense Counsel receiving a copy of this settlement agreement signed by Plaintiff;

    c.   One check payable to "Abdul Hassan Law Group, PLLC," in the amount of Nine Thousand Dollars ($9,000), representing reduced legal fees and costs within thirty (30) days of Defense Counsel receiving a copy of this settlement agreement signed by Plaintiff;

    d.   The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427. Plaintiff's Counsel shall hold the settlement payments until the seven-day revocation period has expired. Plaintiff has agreed to waive the 21-day review period.

1

    e.    Defendant knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, against Plaintiff as of the date of execution of this Agreement.

    3.  **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action without prejudice.

    4.  **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all claims asserted in this action, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as of the date of execution of this Agreement.

    5.  **Acknowledgments and Affirmations**.

    a.  Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.

    6.  **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

    7.  **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

    8.  **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

    9.  **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

11. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees.** Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Mr. Bernard was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**LESLY BERNARD**

By: *Lesly Bernard*
Date: 3/21/17

**DEFENDANT:**

**QPH PLUMBING & HEATING INC.**

By: _____
Print Name _____
Title _____ Owner _____
Date: _____

3